## NO ATTORNEY'S FEES FOR SERVICES BEFORE THE INDUSTRIAL COMMISSION.

Probate Court of Cuyahoga County.

In Re John Clayton, a Minor.

Decided, May 28, 1915.

*Workmen's Compansation Act—Makes no Provision for Fees to an Attorney Securing an Allowance to a Minor.*

There is no authority under the workmen's compensation act of Ohio for an award of fees by the probate court to the attorney of the guardian of a minor for services in obtaining an allowance of compensation to the minor from the state industrial commission.

HADDEN, J.

Application for allowance of attorney's fees.

The firm of Thompson, Hine & Flory have rendered a bill for attorney's fees to the guardian of this minor. The bill amounts to $50, and the fees were earned in connection with an award made by the Industrial Commission of Ohio, the award amounting to $3,588. Shortly after the death of the father of this minor, the Industrial Commission seemed inclined not to make any award, for the reason that the minor was not living in Ohio but was staying with his grandparents in New York. After an investigation of the law, however, on the part of the attorney, and a conference with the secretary of the commission, the above mentioned award was made. The amount asked for is reasonable, in view of the work done, and the only question is whether an allowance can be made at all for attorney's services, under these circumstances.

It has been the impression of this court, ever since the passage of the original compensation act, in 1911, that in addition to providing more adequate remuneration for all injured employees, or the dependents of deceased employees killed while in the performance of their duty, as well as hastening the payments to those entitled to them, it did away with the need of attorneys altogether, and eliminated attorney's fees in all cases of personal injury and wrongful death. Nowhere in either the original

act passed in 1911 (102 Ohio Laws, 524), or in the amended act passed in 1913 (103 Ohio Laws, 72), was any provision made for attorney's fees, except in one or two instances. Sections 1465-44 to 1465-51 (102 Ohio Laws, 526) provide for an investigation on the part of the commission of the circumstances surrounding the injury or death of the employee. The commission is to appoint agents, interview witnesses, take depositions, and make the award, all without the aid or assistance of an attorney. This is also borne out by Sections 1465-45, 69, 74, 83 and 91, as well as the tone of the whole act passed in 103 Ohio Laws, 72.

The investigation to be made by the commission, is to be made entirely independent of any attorney, either for the employer or for the employee; and Section 1465-74 provides that even in cases where employers have not come in under the provisions of this act, the injured employee, or in case of his death his dependent, may file his application for compensation with the commission, and they shall determine what is due, and the amount so fixed shall constitute a liquidated claim for damages, and in the event of the employer's refusal to pay, it may be recovered against him wtih an added penalty of fifty per cent. This action is to be brought in the name of the state, for the benefit of the person entitled to the same. So that even in a case where the employer has not come in under the provisions of the liability act, the law makes it possible for the employee to get a recovery without employing an attorney or having any expense for attorney's fees, whatsoever. And even in a case where the Industrial Commission refuses to make an award (1465-90), the claimant may sue the commission, and if he is successful, the costs of the proceedings, including the attorney's fees, will be taxed against the unsuccessful party, but the entire award will be paid out of the state insurance fund, in the same manner as other awards. There are to be no deductions for the costs of the proceedings or for attorney's fees. And it is a significant fact that the section just mentioned, and Section 1465-76, where the employer may be sued for his wilful act which has caused the injury or death of the employee, are the only ones in which a claim for attorney's fees may legally be allowed and paid.

And as if to emphasize the fact that attorney's fees are not to be paid except in the two instances mentioned, we have Section 1465-89 (103 Ohio Laws, 88), which reads as follows:

"In addition to the compensation provided for herein, the board shall disburse and pay from the state insurance fund, such amounts for medical, nurse and hospital services and medicine, as it may deem proper; not, however, in any instance to exceed the sum of $200; and in case death ensues from the injury, reasonable funeral expenses shall be disbursed and paid from the fund, in an amount not to exceed the sum of $150. And the board shall have full power to adopt rules and regulations with respect to furnishing medical, nurse and hospital services and medicine, to injured employees entitled thereto, and for the payment therefor."

It will be noticed that whenever the act speaks of the extra compensation which may be allowed, that is, compensation in addition to the award made by the commission, it only mentions medical, surgical, nursing, hospital and funeral expenses (Sections 1465-69, 72, 74, 78 and 101), and nowhere does it use any words or expressions which can be construed in any way as permitting the award made by the commission to be in any way liable for attorney's fees of any kind. The expenses above mentioned are to be paid in addition to the award. In other words, it seems to be the intention of the Legislature not to have the award diminished in any way, but the whole sum is to be for the dependents of the decedent.

This view is further strengthened by Section 1465-88, which makes all of this compensation "exempt from all claims of creditors, and from any attachment or execution, and shall be paid only to such employees or their dependents." And in addition to the above, Section 1465-86 makes the jurisdiction of the board continuing in each case, and it may from time to time modify its orders or findings, as in its opinion may be justified. It is thus plain to be seen that the board still has jurisdiction over this fund, unless it has all been paid over to the guardian. And at the time that this bill was under consideration by the Legislature, one of the great arguments urged in favor of its enactment into a law, was that no part of the award was to go for

the attorney's fees, and everywhere throughout the whole act this idea seems to have been kept in mind, and the injured party or the dependents of the deceased are to get every penny of the award, and none of it is to go for attorney's fees.

If this is the intent and purpose of the statute, and I can see no escape from reaching such conclusion, then I do not see how an allowance for attorney's fees can be made in this or any other case, for to do so would be to nullify the intent of the statute. If an attorney has been hired and has done legitimate work in the case, as is true here, he must look for his pay to the party who hired him, or possibly have an allowance made by the commission, if they can see their way clear to doing so. But in the present situation of the law, I do not see how this court could make an allowance of this kind, and the request for attorney's fees will therefore have to be refused.